In re Johnny CROCKETT, Debtor.

Bankruptcy No. 93–06157–6B3.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 21, 1994.

Andrea A. Ruff, Orlando, FL, for debtor.

Richard Palmer, Chapter 13 Trustee.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said district on the 21st day of June, 1994 before Arthur B. Briskman, Bankruptcy Judge.

This matter came on for hearing on the Debtor's Objection to Proofs of Claim 5 and 6 of the United States of America, Internal Revenue Service. Appearing was the Debtor, Johnny L. Crockett, his attorney, Andrea A. Ruff, and Richard Palmer, Chapter 13 Trustee. After review of the testimony, exhibits and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Internal Revenue Service filed Proofs of Claim 5 and 6 alleging the Debtor owed federal income taxes for the years 1990 and 1992. The Debtor had no taxable income for the years 1990 and 1992. However, his wife earned income in 1990 and 1992. Joint tax returns were prepared by the wife and were signed by the Debtor. The Debtor was mentally incompetent at the time the income tax returns were signed. He did not understand nor could he comprehend the significance of his actions. Due to his mental incapacity, his signature was without legal effect and is not binding.

### CONCLUSIONS OF LAW

As the Debtor had no income for the years 1990 and 1992, he had no income tax liability. The Debtor could not have understood the contents or significance of the income tax returns which he signed as he lacked competency and legal capacity at the time he signed them. *Reliable Finance Co. v. Axon*, 336 So.2d 1271 (2nd D.C.A.Fla.1976).

Accordingly, the Debtor's objection to Proofs of Claim 5 and 6 filed by the United States of America, Internal Revenue Service is due to be **SUSTAINED.**